UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AMERICAN CONTRACTORS INDEMNITY CO., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:12-cv-01015 (LO/IDD)<br>) |
| LELA W. WEST, *et al.*, | )<br>) |
| Defendants. | )<br>) |

## REPORT AND RECOMMENDATION

This matter is before the Court on American Contractors Indemnity Company's ("Plaintiff's") Motion for Default Judgment against Defendants, Lela W. West ("Ms. West") and Ronald West (collectively referred to as "Defendants"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Dkt. No. 37.) After a licensed attorney for Defendants failed to appear at the hearing on February 14, 2014, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, the Motion for Default Judgment, the supporting affidavits and documentation thereto, and relevant portions of the underlying record, the undersigned Magistrate Judge recommends that Plaintiff's Motion be GRANTED in part and DENIED in part.

### I. INTRODUCTION

On September 12, 2012, Plaintiff filed a Complaint against Defendants alleging breach of fiduciary duty, unjust enrichment, embezzlement, breach of contract, and misuse of funds against Lela W. West; and requesting a constructive trust upon the assets of Ronald West and Lela W. West. (Dkt. No. 1.) Plaintiff has moved for default judgment against Defendants and seeks to

1

recover monies owed including the unpaid principal amount of the funds, interest, costs, and expenses from Lela W. West; and seeks a constructive trust upon the assets of Ronald West and Lela W. West. (Mot. Def. J. ¶¶ 2, 3, 14.) After Defendants failed to respond or appear at any proceedings, the undersigned Magistrate Judge took the matter under advisement to issue this Report and Recommendation.

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between Plaintiff and Defendants, and the amount in controversy exceeds $75,000. Plaintiff is a California corporation with its principal place of business in Los Angeles, California. (Compl. ¶ 16.) Defendants, Lela W. West and Ronald West, upon information and belief, are citizens of and reside in Dale City, Virginia. (Compl. ¶¶ 17-18.) The amount in controversy in this matter is at least $138,802.02. (Mot. for Default J. ¶ 14.) Thus, because the parties are completely diverse, and the amount in controversy exceeds $75,000, the Court has valid subject matter jurisdiction over this matter.

Personal jurisdiction and venue are proper pursuant to 28 U.S.C. § 1391(b)(1) because both Defendants were personally served and reside in this district. (Compl. ¶¶ 17-18; Dkt. Nos. 34-35.) Accordingly, subject matter jurisdiction, personal jurisdiction, and venue are satisfied in this action.

### B. Service of Process

Under 29 U.S.C. § 1132(e)(2), service of process is proper in any district where a defendant resides or may be found. When a plaintiff fails to serve the defendant properly under federal or state law, a court lacks personal jurisdiction over the defendant and may not enter default judgment against him. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987),

*superseded by statute on other grounds*, Fed. R. Civ. P. 4(k), (stating that "[s]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served" (quoting *Miss. Publ'g Corp. v. Murphee*, 326 U.S. 438, 444-45 (1946))); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249 (4th Cir. 1974) (reversing the district court's entry of default judgment against a non-resident defendant union because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the union with summons and complaint).

Although § 1132(e) states where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Under Rule 4(e)(2), individuals are properly served by delivering to the person a copy of the summons and the complaint or by leaving a copy of the summons and complaint at the individual's usual abode with someone of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e)(2).

On November 28, 2012, a private process server personally served Ronald West with a true and correct copy of the Summons, Petition, exhibits and documents related thereto at his home in Dale City, Virginia. (Dkt. No. 34.) Also on November 28, 2012, a private process server personally served Lela W. West with a true and correct copy of the Summons, Petition, exhibits and documents related thereto at her home in Dale City, Virginia. (Dkt. No. 35.) Therefore, Plaintiff properly served Defendants pursuant to Rule 4(e)(2).

### C. **Grounds for Entry of Default**

On September 12, 2012, Plaintiff filed a Complaint against Defendants alleging breach of fiduciary duty, unjust enrichment, embezzlement, breach of contract, and misuse of funds against Lela W. West; and requesting a constructive trust upon the assets of Ronald West and Lela W. West. (Dkt. No. 1.) Plaintiff has moved for default judgment against Defendants and seeks to

recover monies owed including the unpaid principal amount of the funds, interest, costs, and expenses from Lela W. West; and seeks a constructive trust upon the assets of Ronald West and Lela W. West. (Mot. Def. J. ¶¶ 2, 3, 14.) A private process server served Defendants on November 28, 2012. (Dkt. Nos. 34-35.) On December 5, 2013, after Defendants failed to respond, Plaintiff requested entry of default as to Defendants, Lela W. West and Ronald West (Dkt. No. 33), and the Clerk entered default against Defendants on January 6, 2014 (Dkt. No. 36). On January 14, 2014, Plaintiff filed this Motion for Default Judgment. (Dkt. No. 37.) This Court held a hearing on the matter on February 14, 2014. (Dkt. No. 39.) After Defendants failed to appear at the February 14, 2014 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. **FINDINGS OF FACT**

The undersigned Magistrate Judge makes the following findings of fact based on the Complaint, the Motion for Default Judgment, the memorandum in support, and declarations in support thereof.

On August 24, 2006, Defendant, Lela W. West, was appointed Administrator of the Estate of Guy Joseph Creed ("the estate"), an intestate estate in Arlington, Virginia. (Compl. ¶ 1.) Plaintiff, a compensated surety, issued a fiduciary bond on behalf of Ms. West in order to guarantee the faithful performance of her duties as Administrator, and relied on her personal indemnity. (Compl. ¶¶ 2-3; Ex. A.) In applying for the bond, Ms. West agreed to fully indemnify and reimburse Plaintiff for "all loss, contingent loss, liability and contingent liability, claim, expense, including attorneys' fees," incurred by her surety as a result of issuing the bond on her behalf. (Compl. ¶ 39; Ex. E.)

On November 1, 2010, Plaintiff received a copy of a letter sent to Ms. West by the Arlington County Commissioner of Accounts ("Commissioner") regarding $53,560 in unapproved commissions that she had paid to herself. (Compl. ¶¶ 27-28.) Additionally, the Commissioner revealed that Ms. West had previously paid herself $46,500 in the form of a "loan" from the estate to herself. (Compl. ¶ 29.) The Commissioner instructed Ms. West to repay the estate the total of $100,060 by January 31, 2011. (Compl. ¶ 30.) On July 5, 2011, after Ms. West failed to repay the loans, she was removed as Administrator by the probate court. (Compl. ¶¶ 5, 34.) The estate's successor fiduciary conducted an investigation into the monies taken by Ms. West and determined that she had diverted and misapplied an additional $25,000 before she was removed. (Compl. ¶ 35.)

On August 27, 2011, the successor fiduciary made demand upon Plaintiff, as the surety, to reimburse the estate for Ms. West's diversions and misappropriations. (Compl. ¶ 36.) Plaintiff conducted an investigation of the successor fiduciary's claim, and ultimately paid the estate $138,802.02 in full settlement of its claims. (Compl. ¶ 37.) On April 13, 2012, the probate court entered a judgment against Ms. West and released Plaintiff upon payment to the estate. (Compl. ¶ 38.) In partial consideration for the payment, the estate assigned all of its claims against Ms. West and her husband, Ronald West, to Plaintiff. (Compl. ¶ 38; Ex. D.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." *See Music City Music, et al., v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155

F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law, and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 664).

6

### A. <u>Claims against Lela W. West</u>

In its Complaint, Plaintiff alleges a claim for breach of contract against Ms. West due to her failure to fulfill her obligations under the Indemnity Agreement. (Compl. ¶¶ 62-67.) Additionally, as previously mentioned, in partial consideration for its payment to the estate as the surety, the estate assigned all of its claims against Ms. West to Plaintiff, including the estate's breach of fiduciary duty, unjust enrichment, and embezzlement claims against Ms. West. (Compl. ¶ 38; Ex. D.) Plaintiff alleges these additional assigned claims in its Complaint, but seeks the same relief for each of the aforementioned claims. Therefore, the undersigned will focus on Plaintiff's claim for breach of contract, which is at the center of this case, and for which facts sufficient to support a finding of liability are deemed admitted.[1]

#### *Breach of Contract*

Plaintiff seeks to recover under a theory of breach of contract due to Ms. West's failure to fulfill her obligations under the Indemnity Agreement. (Compl. ¶¶ 62-67.) Under Virginia law, a plaintiff properly pleads a breach of contract claim where he alleges that the defendant (1) had a legally enforceable obligation, (2) materially breached that obligation, and (3) such breach caused the plaintiff damage. *Filak v. George*, 267 Va. 612, 619 (2004). A plaintiff must prove damages with reasonable certainty; and contingent, speculative, or uncertain damages are not recoverable. *Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 135 (Va. 2009); *see also Ulloa v. QSP, Inc.*, 624 S.E.2d 43, 48 (Va. 2006) (stating that contracting parties may specify events or pre-conditions that, if unsatisfied, will trigger a party's right to recover for the other

---

[1] It is well established that a party may not recover twice for one injury. *See Gen. Tel. Co. of the Nw., Inc. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 333 (1980) ("It also goes without saying that the courts can and should preclude double recovery by an individual.") Thus, Plaintiff's breach of contract claim is the only claim considered by the undersigned.

7

party's breach of their agreement as long as the terms of the agreement are not forbidden by law or public policy).

Plaintiff has alleged sufficient facts to demonstrate that the parties entered into a legally enforceable contract. (*See* Compl. Ex. E.) Specifically, Plaintiff alleged that on August 9, 2006, as part of Ms. West's *Probate and Fiduciary Bonds Application*, the parties entered into an Indemnity Agreement. (Compl. ¶ 39; Ex. E.) Plaintiff attached a genuine and complete copy of the Indemnity Agreement to the Complaint as Exhibit E. (*See* Compl. Ex. E.) Pursuant to the Indemnity Agreement, Ms. West agreed to fully indemnify and reimburse Plaintiff for "all loss, contingent loss, liability and contingent liability, claim, expense, including attorneys' fees," incurred by her surety as a result of issuing the bond on her behalf. (Compl. ¶ 39; Ex. E.)

Plaintiff has alleged sufficient facts to establish that Ms. West materially breached the Indemnity Agreement. Plaintiff, as the surety, performed all of its obligations under the Indemnity Agreement when it paid $138,802.02 in full settlement of its claims by the estate. (Compl. ¶ 37; Mot. for Default J. Ex 1.) Ms. West, however, failed to fulfill her obligations under the agreement by not indemnifying Plaintiff for its losses and liability to the estate. This failure to reimburse Plaintiff pursuant to the Indemnity Agreement was a material breach of the agreement.

Plaintiff has alleged sufficient facts to establish that Ms. West's breach caused Plaintiff damage. In its Complaint, Plaintiff alleged that it paid $138,802.02 in full settlement of its claims by the estate. (Compl. ¶ 37.) In support of these damages, Plaintiff attached a genuine and complete copy of the check that it sent to the estate. (Mot. for Default J. Ex. 1.) These damages are not speculative and can be proven with reasonable certainty. In sum, the

undersigned finds that Plaintiff has alleged sufficient facts to support its breach of contract claim against Ms. West for her breach of the Indemnity Agreement.

### B. Claims against Ronald West & Lela W. West

In its Complaint, Plaintiff alleges that Ms. West diverted and misused the estate funds to pay her personal expenses. Consequently, Plaintiff seeks the entry of an order establishing a constructive trust over the assets of Lela W. West and Ronald West, jointly and severally held, in the amount of the damages sought and restraining Lela W. West and Ronald West from transferring, hypothecating, selling, or disposing of such assets until Plaintiff is fully repaid. "Courts of equity may impose constructive trusts whenever necessary to prevent a failure of justice." *Faulknier v. Shafer*, 264 Va. 210, 215 (2002) (*citing Richardson v. Richardson*, 242 Va. 242, 245 (1991). An equitable remedy such as a constructive trust is not in and of itself a cause of action, but rather a remedy for a stated cause of action. *Khader v. Hadi Enterprises*, No. 1:10cv1048, 2010 WL 5300876, at *5, (E.D.Va. Dec. 22, 2010).

> Constructive trusts arise, *independently of the intention* of the parties, *by construction of law*; being *fastened upon the conscience of him* who has the legal estate, in order to prevent what otherwise *would be a fraud*. They occur not only where property has been acquired by a fraud or improper means, but also where it has been fairly and properly acquired, but it is contrary to the principles of equity that it should be retained, at least for the acquirer's own benefit.

*Faulknier*, 264 Va. at 215 (*citing Leonard v. Counts*, 221 Va. 582, 588 (1980)).

In light of the aforementioned facts, the undersigned finds that the imposition of a constructive trust is appropriate under these circumstances. The undersigned, however, does not find that Plaintiff has alleged facts sufficient to warrant the imposition of a constructive trust over assets *severally* held by Ronald West, but rather only those jointly held by the couple. In its Complaint, Plaintiff merely alleges that "[u]pon information and belief, Ms. West applied part or all of [the] diverted funds to pay expenses that were the joint responsibility of her husband,

9

Ronald West." (Compl. ¶ 70.) Plaintiff has not provided this Court with further information, and as such the undersigned finds that imposing a constructive trust on Ronald West's severally held assets is inappropriate. Accordingly, the undersigned recommends the entry of an order establishing a constructive trust over the jointly held assets of Lela W. West and Ronald West, and restraining Lela W. West and Ronald West from transferring, hypothecating, selling, or disposing of such assets until Plaintiff is fully repaid.

## IV. REQUESTED RELIEF

### A. Damages

The case law in this district provides that, in default cases, "there can be no recovery over the amount pled in the complaint, and that the complaint must pray for a specific monetary amount." *Sheet Metal Workers' Nat'l Pension Fund v. Frank Torrone & Sons, Inc.*, No. 1:04-cv-1109, 2005 WL 1432786, at *8 (E.D. Va. June 1, 2005); *see also Cumberlander v. KCL Site Servs., LLC*, No. 08-994, 2009 WL 4927144, at *9 (E.D. Va. Dec. 17, 2009). Plaintiff's Complaint requests $138,802.02 (not including attorneys' fees, costs, and expenses). Because Plaintiff has sufficiently pled relief for Defendant, Lela W. West's breach of contract, and upon review of Plaintiff's Complaint, Motion for Default Judgment, and exhibits, this Court finds that Plaintiff has provided a sufficient basis to award damages in the amount of $138,802.02.

### B. Costs

Plaintiff seeks reimbursement by Defendant, Lela W. West, of the costs it incurred in bringing this action. Under 28 U.S.C. § 1920, the Court may tax costs, including clerk's fees and docket fees under 28 U.S.C. § 1923. *See* 28 U.S.C. § 1920(1), (5); *see also* Fed. R. Civ. P. 54 (providing that "costs–other than attorney's fees–should be allowed to the prevailing party"). Plaintiff provided this Court with a true and accurate copy of its receipt for the $350.00 *Court*

*Filing Fee* paid to this Court. As such, Plaintiff is entitled to recover the full amount of this fee from Defendant, Lela W. West.

### C. Attorneys' Fees

Under the Indemnity Agreement, Plaintiff is entitled to reasonable attorneys' fees. Plaintiff, however, has not provided sufficient information for this Court to determine whether its requested attorneys' fees are reasonable.

"In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable hourly rate." *Robinson v. Equifax Info. Servs.*, 560 F.3d 235, 243 (4th Cir. 2009) (citations omitted). When determining what constitutes a "reasonable" number of hours and rate, the Fourth Circuit has "instructed that a district court's discretion should be guided by the following twelve factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases" (the "*Johnson* factors"). *Robinson*, 560 F.3d at 243-244; (*citing Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir.1978)). "These factors must be considered by district courts in this circuit in arriving at a determination of reasonable attorneys' fees...." *Kimbrell's*, 577 F.2d at 226.

Here, Plaintiff merely states that it "is entitled to ... $20,781.61 in attorneys' fees, costs, and expenses [that Plaintiff] incurred through January 8, 2014." (Mot. for Default J. ¶ 14.) Plaintiff has not provided any affidavits or timesheets to this Court for the purpose of determining the reasonableness of its attorneys' fees. In light of this lack of information, this Court cannot properly assess what portion of the request for "attorneys' fees, costs and expenses" is for attorneys' fees and whether that amount is reasonable pursuant to the *Johnson* factors. As such, the undersigned Magistrate Judge is unable to make a recommendation as to attorneys' fees in this matter.

### D. Post-Judgment Interest

Plaintiff seeks post-judgment interest in this matter. In a diversity case, awards of post-judgment interest are governed by federal law. *Hitachi*, 166 F.3d at 633 (citing *Forest Sales Corp. v. Bedingfield*, 881 F.2d 111, 113 (4th Cir. 1989)). The applicable federal statute provides, in relevant part, that

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

28 U.S.C. § 1961(a). As a matter of law, Plaintiff is entitled to an award of post-judgment interest, *Hitachi*, 166 F.3d at 633, and therefore, the undersigned recommends such an award pursuant to 28 U.S.C. § 1961(a).

### V. RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends that Plaintiff's Motion for Default Judgment be GRANTED in part and DENIED in part. Accordingly, the undersigned Magistrate Judge recommends that an order be entered awarding

Plaintiff damages against Lela W. West in the amount of $138,802.02, plus $350.00 in costs, and post-judgment interest at the legal rate. Furthermore, the undersigned recommends that an order be entered establishing a constructive trust over assets severally held by Lela W. West as well as those jointly held by Lela W. West and Ronald West in the amount of $138,802.02, and restraining Lela W. West and Ronald West from transferring, hypothecating, selling, or disposing of such assets until Plaintiff is fully repaid.

## VI. NOTICE

By mailing copies of this Report and Recommendation, the parties are notified as follows. Objections to this Report and Recommendation must, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to counsel of record and to Defendants.

/s/
Ivan D. Davis
United States Magistrate Judge

June 5, 2014
Alexandria, Virginia